UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY,<br>                     Plaintiff,<br><br>v.<br><br>THE BLACK & DECKER CORPORATION, BLACK & DECKER, INC., BLACK & DECKER (U.S.) INC., EMHART CORPORATION, and EMHART, INC.,<br>                     Defendants. | CIVIL ACTION<br>No. 96-10804-DPW<br><br>1:04-CV-10674-DPW<br>(Old Southington Landfill Site)<br><br>1:04-CV-10680-DPW<br>(Solvents Recovery Service Site) |

**ASSENTED-TO MOTION OF LIBERTY MUTUAL INSURANCE COMPANY TO FILE UNDER SEAL ITS REPLY MEMORANDUM OF LIBERTY MUTUAL INSURANCE COMPANY IN SUPPORT OF ITS SUPPLEMENTAL MOTIONS FOR SUMMARY JUDGMENT WITH RESPECT TO THE SOLVENTS RECOVERY SERVICE SITE AND THE OLD SOUTHINGTON LANDFILL SITE AND IN RESPONSE TO BLACK & DECKER'S OPPOSITION TO SAME**

Pursuant to Local Rule 7.2, plaintiff, Liberty Mutual Insurance Company ("Liberty Mutual"), hereby moves for leave to file <u>under seal</u> its Reply Memorandum of Liberty Mutual Insurance Company in Support of Its Supplemental Motions for Summary Judgment with Respect to the Solvents Recovery Service Site (the "SRS Site") and the Old Southington Landfill Site (the "OSL Site") and in Response to Black & Decker's Opposition to Same ("Reply Memorandum"), because said

document contains references to other documents which were produced by defendants, The Black & Decker Corporation, et al. ("Black & Decker"), on a confidential basis pursuant to the Confidentiality Order in this lawsuit.

As grounds for this Motion, Liberty Mutual states as follows:

1. In its Reply Memorandum, Liberty Mutual makes reference to certain documents which were produced on a confidential basis by Black & Decker pursuant to the Confidentiality Order in this case. The parties have agreed to maintain the confidentiality of such documents in any filings with the Court.

2. Accordingly, Liberty Mutual files this Motion to protect the allegedly confidential nature of the Black & Decker documents which, otherwise, would be available for inspection and copying by the general public.

3. Liberty Mutual files this Motion in good faith, and not for the purpose of delay. Black & Decker will not be prejudiced in any manner by Liberty Mutual's request, which is intended to protect Black & Decker's asserted confidentiality interests.

4. Accordingly, pursuant to Local Rule 7.2, Liberty Mutual requests that the Court enter an Order authorizing the sealing of its Reply Memorandum.

5. Liberty Mutual requests that the Court maintain the Reply Memorandum under seal until this action is closed. At that time, Liberty Mutual requests that the Reply Memorandum be returned to the undersigned counsel.

6. Black & Decker assents to this Motion to file the Reply Memorandum under seal.

WHEREFORE, Liberty Mutual Insurance Company respectfully requests that the Court grant this motion and require that the Reply Memorandum be kept under seal, and for such other and further relief as this Court deems just and proper.

**LIBERTY MUTUAL INSURANCE COMPANY**

By its attorneys,

/s/ Janice Kelley Rowan
Ralph T. Lepore, III (BBO #294420)
Janice Kelley Rowan (BBO #265520
HOLLAND & KNIGHT LLP
10 St. James Avenue
Boston, MA  02116
(617) 523-2700

Dated:  December 10, 2004

## LOCAL RULE 7.1 CERTIFICATION

I hereby certify that pursuant to Local Rule 7.1, I spoke with Richard L. Binder, counsel for Black & Decker, on December 8, 2004, and he agreed that this motion could be filed with the assent of the defendants.

/s/ Janice Kelley Rowan

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of December, 2004, I caused a copy of the foregoing Assented to Motion to be served by hand upon Jack R. Pirozzolo, Esq., counsel to defendants, at Willcox, Pirozzolo & McCarthy, P.C., 50 Federal Street, Boston, MA  02110.

/s/ Janice Kelley Rowan

- 4 -

2439859_v1